[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13811
_____

D.C. Docket No. 8:09-cv-02301-JSM-TGW

LOOKOUT MOUNTAIN WILD
ANIMAL PARK, INC.,

Plaintiff-Appellant,

versus

STEARNS ZOOLOGICAL RESCUE &
REHAB CENTER, INC., d.b.a Dade City's
Wild Things, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 21, 2014)

Before TJOFLAT and ANDERSON, Circuit Judges, and Bucklew,* District Judge.

_____

*Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida,
sitting by designation.

PER CURIAM:

We have had the benefit of oral argument in this case, and have also carefully considered the briefs and relevant parts of the record.  We conclude that the judgment of the district court should be affirmed.  We cannot conclude that the district court erred in granting judgment as a matter of law in favor of the defendants with respect to plaintiff's tort claims – i.e., their claims for conversion, civil theft and fraud in the inducement.   With respect to the latter claim, we readily conclude that there is no evidence of a pre-contractual misrepresentation.  Moreover, there is insufficient evidence that any of defendants' promises were made with present intent not to perform.

We conclude that plaintiff's claims for conversion and civil theft fail for multiple reasons.  With respect to the necessary element of plaintiff's right to possess the property at issue, we conclude that plaintiff is collaterally estopped by the jury verdict that the defendant corporation is the rightful owner of the property.  Alternatively, we conclude that no reasonable jury could find that defendants either converted the property or committed civil theft.   There was very strong evidence that the animals and equipment were donated to the defendant corporation, as the jury found with respect to all of the property except the two white-handed Gibbons.  All of the relevant forms with respect to the animals now at issue

2

indicated that the animals had been donated.  And, with respect to equipment which Kenneth Stearns transported to the location of Dade City Wild Things, Dr. Bloome was present when the equipment was loaded onto Stearns' tractor-trailer and also was present for a considerable time after the equipment was placed in the shed or hospital at Dade City Wild Things.   With respect to Dr. Bloome's office and medical equipment which was later removed from that shed or hospital and allegedly discarded, there was thus strong evidence that Dr. Bloome either agreed at the time of loading Kenneth Stearns' tractor-trailer that this equipment would be donated to defendant, or acquiesced therein after it arrived.  At most, there might have been issues of fact with respect to whether defendant breached an agreement with respect to same, but no reasonable jury could find that any defendant converted the property or committed civil theft.  Finally, we are also not persuaded that plaintiff has identified any tortious acts that are sufficiently independent of the alleged breach of contract to render the tort claims viable.  See Tiaro Condo Ass'n v. Marsh & McClennan Co., 110 So.2d 399 (Fla. 2013); id. at 407-10 (Pariente, J., concurring).

Accordingly, the judgment of the district court is AFFIRMED.